Susan T. Ye, Bar No. 281497
sye@littler.com
Summer E. Mielke, Bar No. 341664
smielke@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando St.
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Fax No.: 408.288.5686

Donna Leung, Bar No. 305955
dleung@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendant
SAKS & COMPANY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY PALEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAKS & COMPANY LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Trial Date:        None Set<br>Complaint Filed:   December 21, 2023 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF NANCY PALEY, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Saks & Company LLC ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Los Angeles to the United States District Court, Central District of California. This Court has original jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) based on diversity.

**I.   STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is a civil action between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.   VENUE**

2. The action was filed in Superior Court of the State of California, County of Los Angeles, which is located within the territory of the United States District Court for the Central District of California. 28 U.S.C. §§ 84(a). Thus, venue is proper in this Court because it is the district and division embracing the place where the action is pending at the time of removal. *See* 28 U.S.C. § 1391, 1441(a), and 1446(a).

**III.   PLEADINGS, PROCESS AND ORDERS**

3. On December 21, 2023, Plaintiff Nancy Paley ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Nancy Paley v. Saks & Company, LLC, a Delaware Corporation, and Does 1-25*, bearing Case No. 23STCV31151 ("Complaint"). A true and correct copy of this Complaint is attached as Exhibit A to the Declaration of Susan

T. Ye. (Declaration of Susan T. Ye in Support of Defendant's Notice of Removal of Civil Action to Federal Court ("Ye Decl."), ¶ 2, Ex. A ("Compl.").)

4. On December 21, 2023, Plaintiff served Defendant with the Summons and Complaint. (Ye Decl., ¶ 2.) The Complaint asserts the following causes of action against Defendant: (1) discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to prevent discrimination and harassment in violation of FEHA; (5) retaliation in violation of California Government Code section 12945.2 *et seq.*; (6) failure to provide reasonable accommodations in violation of FEHA; (7) failure to engage in the interactive process in violation of FEHA; (8) for declaratory judgment; (9) retaliation in violation of California Labor Code section 1102.5; (10) wrongful termination in violation of public policy; (11) failure to permit inspection of personnel and payroll records in violation of California Labor Code sections 226 and 1198.5. (*See generally* Compl.) Plaintiff seeks general damages, special damages, civil and statutory penalties, a declaratory judgment, injunctive relief, punitive damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and such other relief as the court deems just and proper. (Compl., Prayer for Relief.) Plaintiff specifically seeks a judgment of no less than $1,000,000.00. (*Id.*)

5. On January 19, 2024, Defendant filed in the Superior Court of California, County of Los Angeles, its Answer to Plaintiff's Complaint. (Ye Decl., ¶ 4, Ex. B.) A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as Exhibit B to the Ye Declaration.

6. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1149, a true and correct copy of all pleadings served upon Defendant are attached as Exhibits A and B to the Ye Declaration. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been served by any party. (Ye Decl., ¶ 5.) To Defendant's knowledge, none of the Doe Defendants have been identified or served to date. (Ye Decl., ¶ 3.)

## IV. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of December 21, 2023, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## V. DIVERSITY JURISDICTION

### A. Complete Diversity Exists Between Plaintiff and Defendant.

8. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States. . .

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and it may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because complete diversity exists among the parties, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below.

#### 1. Plaintiff Is a Citizen of California.

10. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is a "citizen" of the state in which he or she is domiciled. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *See Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx), 2012 WL 10759737, at *4 (C.D. Cal. Jun. 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

11. Here, Defendant is informed and believes that, at the time Plaintiff

1  commenced her state court action, Plaintiff was, and still is, a citizen of the State of
2  California residing in Los Angeles County. (Compl., ¶ 2); *see e.g.*, *Lew v. Moss*, 797
3  F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile
4  supporting diversity of citizenship); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-
5  GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides
6  *prima facie* case of domicile). Thus, Plaintiff is a citizen of California for diversity
7  jurisdiction purposes.

### 2. Defendant Is a Not a Citizen of California.

12. For diversity purposes, the citizenship of a limited liability company is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (recognizing general rule in Ninth Circuit that "an LLC is a citizen of every state of which its owners/members are citizens.").

13. Defendant is a single-member limited liability company. Defendant's sole member is SFA Holdings Inc. (f/k/a Saks Incorporated) ("SFA"). The Supreme Court has established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78, 79 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93. That is, a company's "'principal place of business' refers to the corporation's 'nerve center,'" (*id.*) which is normally where the corporation maintains its headquarters. *Id.*

At all relevant times, including when this action was commenced in state court and currently, SFA has not been organized or incorporated under the laws of California, or had its principal place of business there. Rather, SFA has been a Tennessee corporation, with its principal place of business in New York, New York, where its

corporate officers and headquarters that house their primary executive, administrative, and operational functions are located. In addition, SFA makes and implements company-wide operating, financial, and other policy decisions primarily at its headquarters located in New York, New York. In turn, the citizenship of SFA determines the citizenship of Defendant Saks & Company LLC. *See Johnson*, 437 F.3d at 899. Because Defendant Saks & Company LLC's citizenship is that of its sole member, at all relevant times, Defendant has been a citizen of Tennessee and New York, not California, for diversity jurisdiction purposes.

### 3. The Doe Defendants Should Be Disregarded.

14. The Complaint names Does 1 through 20 as defendants. (Compl., ¶ 6.) The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

15. Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Tennessee and New York, not a citizen of California. Accordingly, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Exceeds $75,000.

16. In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate by a preponderance of the evidence (*i.e.*, that it is more likely than not) that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17. Where, as here, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). The Supreme Court in *Dart Cherokee* explained

that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84, 87.

18. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

19. Where a complaint, in good faith, alleges on its face a sufficient amount in controversy, that amount controls unless there is a legal certainty that the stated amount cannot be recovered. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). This burden is satisfied as to the amount in controversy if the plaintiff's own pleading contains express allegations seeking damages in excess of the jurisdictional minimum (*i.e.*, $75,000). *See Sanchez*, 102 F.3d at 402. Moreover, in determining the amount in controversy, the Court may consider damages awards in similar cases. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

20. Here, although Defendant denies that Plaintiff has suffered any damages, it can be reasonably ascertained from the pleadings that the amount in controversy exceeds $75,000. That is, Plaintiff's Complaint expressly states, "Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $1,000,000 . . . ." (Compl., Prayer for Relief.) For this reason alone, Defendant's burden is satisfied.

21. Plaintiff also seeks "other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity." (Compl., Prayer for Relief, ¶ 1; *see also* Compl. ¶ 35 ("Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional

distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment[.]")). Plaintiff's claim for emotional distress damages further augments the amount in controversy. In *Kroske*, *supra*, the Ninth Circuit found that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980; *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1040 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that plaintiff suffered heightened mental anguish.").

22. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment discrimination cases have been awarded substantial sums for emotional distress damages. *See, e.g.*, *Gardenhire v. Hous. Auth. of City of Los Angeles*, 85 Cal. App. 4th 236, 240-41, 244 (2000) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim). Using *Kroske* as a considerably conservative baseline, the emotional distress component of Plaintiff's claims here could add at least $25,000 to the amount in controversy, if not significantly more.

23. Plaintiff also seeks punitive damages (Compl., ¶¶ 38, 49, 60, 72, 78, 88, 96, 104, 125, 137; Prayer for Relief, ¶ 8), which further adds to the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in

controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages she seeks, alone, could easily exceed the jurisdictional minimum.

24. Finally, Plaintiff seeks attorney's fees and costs. (Compl., ¶¶ 50, 79, 89, 97, 104, 124; Prayer for Relief, ¶ 9.) The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorney's fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (internal brackets in original) ("[T]here is no question that future [attorney's fees] are 'at stake' in the litigation[.]"). Accordingly, the Court may consider these fees when determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorney's fees likely to be recovered by a plaintiff if she were to prevail on her claims. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). At a conservatively assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent from inception through trial) to incur $75,000 in reasonable attorney's fees (*i.e.*, 250 hours x $300/hour = $75,000). Accordingly, an attorney's fees award in this case could easily reach and, in fact, reasonably exceed the requisite $75,000.

25. Thus, the preponderance of evidence shows that the sum of Plaintiff's potential recovery easily exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and

because complete diversity exists between Plaintiff and Defendant. As such, the United States District Court for the Central District of California has original jurisdiction over this matter, and removal is authorized under 28 U.S.C. § 1441(b).

## VI. NOTICE TO STATE COURT AND ADVERSE PARTY

26. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff. (Ye Decl., ¶ 6.) In addition, a copy of this original Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. (*Id.*)

## VII. CONCLUSION AND REQUESTED RELIEF

27. In the event this Court has questions or requires further comment regarding the propriety of this Notice of Removal, Defendant respectfully requests that this Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

**WHEREFORE**, Defendant removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

Dated: January 19, 2024

LITTLER MENDELSON, P.C.

*/s/ Susan T. Ye*
Susan T. Ye
Donna Leung
Summer E. Mielke

Attorneys for Defendant
SAKS & COMPANY LLC

4865-7439-9903.1 / 093185-1052