1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   NANCY PALEY, an individual,

12               Plaintiff,

13         v.

14   SAKS & COMPANY LLC, a Delaware
     limited liability company; and DOES 1
15   through 20, inclusive,

16               Defendants.

17

18

Case No. 2:24-cv-00527 FLA (PVCx)

**STIPULATED PROTECTIVE
ORDER**

19
20
21
22
23
24
25
26
27
28

1

1    In order to protect the confidentiality of confidential information obtained by the

2    parties in connection with the above-captioned litigation, Plaintiff NANCY PALEY

3    ("Plaintiff") and Defendant SAKS & COMPANY LLC ("Defendant") (collectively, the

4    "Parties"), by and through their respective counsel of record, hereby stipulate and agree

5    as follows:

6    1.    PURPOSES AND LIMITATIONS

7    Discovery in this action is likely to involve production of confidential,

8    proprietary or private information for which special protection from public disclosure

9    and from use for any purpose other than pursuing this litigation may be warranted.

10   Accordingly, the parties hereby stipulate to and petition the Court to enter the following

11   Stipulated Protective Order. The parties acknowledge that this Order does not confer

12   blanket protections on all disclosures or responses to discovery and that the protection

13   it affords from public disclosure and use extends only to the limited information or items

14   that are entitled to confidential treatment under the applicable legal principles.

15   2.    GOOD CAUSE STATEMENT

16   This action is likely to involve trade secrets, customer and pricing lists and other

17   valuable research, development, commercial, financial, technical and/or proprietary

18   information for which special protection from public disclosure and from use for any

19   purpose other than prosecution of this action is warranted. Such confidential and

20   proprietary materials and information consist of, among other things, confidential

21   business or financial information, information regarding confidential business practices,

22   or other confidential research, development, or commercial information (including

23   information implicating privacy rights of third parties), information otherwise generally

24   unavailable to the public, or which may be privileged or otherwise protected from

25   disclosure under state or federal statutes, court rules, case decisions, or common law.

26   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

27   disputes over confidentiality of discovery materials, to adequately protect information

28   the parties are entitled to keep confidential, to ensure that the parties are permitted

1

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1   reasonable necessary uses of such material in preparation for and in the conduct of trial,

2   to address their handling at the end of the litigation, and serve the ends of justice, a

3   protective order for such information is justified in this matter. It is the intent of the

4   parties that information will not be designated as confidential for tactical reasons and

5   that nothing be so designated without a good faith belief that it has been maintained in

6   a confidential, non-public manner, and there is good cause why it should not be part of

7   the public record of this case.

8   3.      ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

9          The parties further acknowledge, as set forth in Section 14.3, below, that this

10  Stipulated Protective Order does not entitle them to file confidential information under

11  seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the

12  standards that will be applied when a party seeks permission from the court to file

13  material under seal. There is a strong presumption that the public has a right of access

14  to judicial proceedings and records in civil cases. In connection with non-dispositive

15  motions, good cause must be shown to support a filing under seal. *See Kamakana v.*

16  *City and County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*

17  *Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

18  *Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

19  require good cause showing), and a specific showing of good cause or compelling

20  reasons with proper evidentiary support and legal justification, must be made with

21  respect to Protected Material that a party seeks to file under seal. The parties' mere

22  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

23  without the submission of competent evidence by declaration, establishing that the

24  material sought to be filed under seal qualifies as confidential, privileged, or otherwise

25  protectable—constitute good cause. Further, if a party requests sealing related to a

26  dispositive motion or trial, then compelling reasons, not only good cause, for the sealing

27  must be shown, and the relief sought shall be narrowly tailored to serve the specific

28  interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

2

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1    (9th Cir. 2010). For each item or type of information, document, or thing sought to be

2    filed or introduced under seal, the party seeking protection must articulate compelling

3    reasons, supported by specific facts and legal justification, for the requested sealing

4    order. Again, competent evidence supporting the application to file documents under

5    seal must be provided by declaration. Any document that is not confidential, privileged,

6    or otherwise protectable in its entirety will not be filed under seal if the confidential

7    portions can be redacted. If documents can be redacted, then a redacted version for

8    public viewing, omitting only the confidential, privileged, or otherwise protectable

9    portions of the document, shall be filed. Any application that seeks to file documents

10   under seal in their entirety should include an explanation of why redaction is not

11   feasible.

12   4.    DEFINITIONS

13       4.1.   Challenging Party: a Party or Non-Party that challenges the designation of

14   information or items under this Order.

15       4.2.   "CONFIDENTIAL" Information or Items: information (regardless of how

16   it is generated, stored, and/or maintained) or tangible things that qualify for protection

17   under Federal Rules of Civil Procedure Rule 26(c).

18       4.3.   Counsel (without qualifier): Outside Counsel of Record and House

19   Counsel (as well as their support staff).

20       4.4.   Designating Party: a Party or Non-Party that designates information or

21   items that she/he/it produces in disclosures or in responses to discovery as

22   "CONFIDENTIAL."

23       4.5.   Disclosure or Discovery Material: all items or information, regardless of

24   the medium or manner in which it is generated, stored, and/or maintained (including,

25   among other things, testimony, transcripts, and tangible things), which are produced or

26   generated in disclosures or responses to discovery in this matter.

27

28

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

3

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

4.6.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

4.7.   <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.8.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.9.   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

4.10.   <u>Party</u>: any Party to this action, including but not limited to all of its officers, directors, employees, consultants, retained experts, House Counsel and/or Outside Counsel of Record (and their support staffs).

4.11.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.12.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

4.13.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.14.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

1   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

2   Material; and (3) any testimony, conversations, or presentations by Parties or their

3   Counsel that might reveal Protected Material. Any use of Protected Material at trial

4   shall be governed by the orders of the trial judge and other applicable authorities. This

5   Order does not govern the use of Protected Material at trial.

6   6.    DURATION

7        Once a case proceeds to trial, information that was designated as

8   CONFIDENTIAL or maintained pursuant to this protective order used or introduced as

9   an exhibit at trial becomes public and will be presumptively available to all members

10  of the public, including the press, unless compelling reasons supported by specific

11  factual findings to proceed otherwise are made to the trial judge in advance of the trial.

12  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing

13  documents produced in discovery from "compelling reasons" standard when merits-

14  related documents are part of court record). Accordingly, the terms of this protective

15  order do not extend beyond the commencement of the trial.

16  7. DESIGNATING PROTECTED MATERIAL

17       7.1.   Exercise of Restraint and Care in Designating Material for Protection.

18  Each Party or Non-Party that designates information or items for protection under this

19  ORDER must take care to limit any such designation to specific material that qualifies

20  under the appropriate standards.  The Designating Party must designate for protection

21  only those parts of material, documents, items, or oral or written communications that

22  qualify – so that other portions of the material, documents, items, or communications

23  for which protection is not warranted are not swept unjustifiably within the ambit of

24  this Order.

25       Mass, indiscriminate, or routinized designations are prohibited.  Designations

26  that are shown to be clearly unjustified or that have been made for an improper purpose

27  (e.g., to unnecessarily encumber or retard the case development process or to impose

28

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

5

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1  unnecessary expenses and burdens on other parties) may expose the Designating Party

2  to sanctions.

3        If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection, that Designating Party must

5  promptly notify all other Parties that it is withdrawing the designation.

6        7.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

7  Order (see, e.g., second paragraph of section 5.2(a)), or as otherwise stipulated or

8  ordered, Disclosure or Discovery Material that qualifies for protection under this Order

9  must be clearly so designated before the material is disclosed or produced.

10        Designation in conformity with this ORDER requires:

11        (a)    For information in documentary form (e.g., paper or electronic documents,

12  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

13  Producing Party affix the legend "CONFIDENTIAL" to each page that contains

14  protected material.  If only a portion or portions of the material on a page qualifies for

15  protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

16  by making appropriate markings in the margins).

17        A Party or Non-Party that makes original documents or materials available for

18  inspection need not designate them for protection until after the inspecting Party has

19  indicated which material it would like copied and produced.  During the inspection and

20  before the designation, all of the material made available for inspection shall be deemed

21  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

22  copied and produced, the Producing Party must determine which documents, or portions

23  thereof, qualify for protection under this Order.  Then, before producing the specified

24  documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

25  that contains Protected Material.  If only a portion or portions of the material on a page

26  qualifies for protection, the Producing Party also must clearly identify the protected

27  portion(s) (e.g., by making appropriate markings in the margins).

28

6

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3.   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2.   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3.   <u>Joint Stipulation</u>.   Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

7

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1    designation until the Court rules on the challenge.

2    9.   ACCESS TO AND USE OF PROTECTED MATERIAL

3        9.1.   Basic Principles.  A Receiving Party may use Protected Material that is

4    disclosed or produced by another Party or by a Non-Party in connection with this Action

5    only for prosecuting, defending or attempting to settle this Action. Such Protected

6    Material may be disclosed only to the categories of persons and under the conditions

7    described in this Order. When the Action has been terminated, a Receiving Party must

8    comply with the provisions of section 15 below (FINAL DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at a

10   location and in a secure manner that ensures that access is limited to the persons

11   authorized under this Order.

12       9.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

13   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

14   may disclose any information or item designated "CONFIDENTIAL" only to:

15       (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

16   employees of said Outside Counsel of Record to whom it is reasonably necessary to

17   disclose the information for this Action;

18       (b) the officers, directors, and employees (including House Counsel) of the

19   Receiving Party to whom disclosure is reasonably necessary for this Action;

20       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

21   is reasonably necessary for this Action and who have signed the "Acknowledgment and

22   Agreement to Be Bound" (Exhibit A) [TO BE NEGOTIATED AND PREPARED BY

23   PARTIES AND ATTACHED TO STIPULATION AND PROPOSED ORDER];

24       (d) the court and its personnel;

25       (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional Vendors

27   to whom disclosure is reasonably necessary for this Action and who have signed the

28   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

8

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  Promptly notify in writing the Designating Party, within two calendar days of receipt of the subpoena or court order.  Such notification shall include a copy of the subpoena or court order;

(b)  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this ORDER.  Such notification shall include a copy of this Order; and

(c)  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely objects to the subpoena or seeks a protective order, the Party served with

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this ORDER are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   Promptly notify in both the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   Promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   Make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

10

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rules of Civil Procedure Rule 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence Rule 502(d) and (e), the parties agree, and the court orders, that privileged and otherwise protected documents and electronically stored information are protected against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a court order, a parties' discovery request or informal production, as follows:

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

11

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1        (a) The disclosure or production of documents, data or information (including, without limitation, metadata) by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information;

6        (b) The inadvertent disclosure or production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

12        (c) If, during the course of this litigation, a party determines that any document, data or information (including, without limitation, metadata) produced by a party is on its face subject to a legally recognizable privilege or protected work product ("Protected Document"), the Receiving Party shall refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, immediately notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, identify the Protected Documents by bates number range or hash value range, and return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof, within 5 court days of discovery by the Receiving Party. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents, data or information to identify potentially privileged or work product

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

12

1    Protected Document;

2    (d) If the Producing Party intends to assert a claim of privilege or other

3    protection over documents, data or information identified by the Receiving Party as

4    Protected Documents, the Producing Party will, within 5 court days of receiving the

5    Producing Party's written notification, inform the Receiving Party of such intention in

6    writing and shall provide the Receiving Party with a log for such Protected Documents

7    that is consistent with the requirements of the Federal Rules of Civil Procedure, setting

8    forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in

9    the event that any portion of a Protected Document does not contain privileged or

10    protected information, the Producing Party shall also provide to the Receiving Party a

11    redacted copy of the document, data or information that omits the information that the

12    Producing Party believes is subject to a claim of privilege, immunity or other protection;

13    (e) If, during the course of this litigation, a party determines it has produced a

14    Protected Document, the Producing Party may notify the Receiving Party of such

15    inadvertent production in writing. Such notice shall be in writing, however, it may be

16    delivered orally on the record at a deposition, promptly followed up in writing. The

17    Producing Party's written notice will identify the Protected Document inadvertently

18    produced by bates number range or hash value range, the privilege or protection

19    claimed, and the basis for the assertion of the privilege and shall provide the Receiving

20    Party with a log for such Protected Document that is consistent with the requirements

21    of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege,

22    immunity or basis for non-disclosure, and in the event any portion of the Protected

23    Document does not contain privileged or protected information, the Producing Party

24    shall also provide to the Receiving Party a redacted copy of the document, data or

25    information that omits the information that the Producing Party believes is subject to a

26    claim of privilege, immunity or other protection. The Producing Party will also demand

27    the return of the inadvertently produced Protected Document. After receiving such

28    written notification, the Receiving Party must, within 5 court-days of receiving the

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

13

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

1   written notification, return, sequester, or destroy the specified Protected Document and

2   any copies, along with any notes, abstracts or compilations of the content thereof, and

3   to the extent that a Protected Document has been loaded into a litigation review database

4   under the control of the Receiving Party, the Receiving Party shall have all electronic

5   copies of the Protected Document extracted from the database; and

6        (f) To the extent that the information contained in a Protected Document has

7   already been used in or described in other documents generated or maintained by the

8   Receiving Party prior to the date of receipt of the written notice by the Producing Party

9   as set forth in paragraphs (c) and (e), then the Receiving Party shall sequester such

10   documents until the claim has been resolved. If the Receiving Party disclosed the

11   Protected Document before being notified of its inadvertent production, it must take

12   reasonable steps to retrieve it.

13        (g) A Receiving Party's return, sequestering or destruction of such Protected

14   Documents as provided herein will not act as a waiver of the Receiving Party's right to

15   move for the production of the returned, sequestered or destroyed documents, data

16   and/or information on grounds the documents, data and/or information are not in fact

17   subject to a viable claim of privilege or other protection. However, the Receiving Party

18   is prohibited and estopped from arguing that the Producing Party's production of the

19   Protected Documents in this matter acts as a waiver of applicable privileges or

20   protections, that the disclosure of the Protected Documents by the Producing Party was

21   not inadvertent, that the Producing Party did not take reasonable steps to prevent the

22   disclosure of the Protected Documents, and/or that the Producing Party did not take

23   reasonable steps to rectify such disclosure pursuant to Federal Rule of Civil Procedure

24   26(b)(5)(B), or otherwise.

25        (h) Either party may submit Protected Documents to the court under seal for

26   a determination of the claim of privilege or other protection. The Producing Party shall

27   preserve the Protected Documents until such claim is resolved. The Receiving Party

28   may not use the Protected Documents for any purpose absent this court's order.

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

14

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

(i) Upon a determination by the court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 5 court days of the court's order. The court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(j) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(k) By operation of the parties' agreement and this Order, the parties are specifically afforded the protections of FRE 502(d) and (e).

14.    DATA SECURITY PROVISION

Any person in possession of another party's Confidential Materials shall maintain reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Materials and protect against unauthorized access to or use of such Confidential Materials. A person or party may also comply with this provision by having the Confidential Materials managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Materials, the Receiving Party shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach and provide Producing Party with assurances that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

15

STIPULATED PROTECTIVE ORDER
CASE NO. 2:24-CV-00527 FLA (PVCX)

request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15.   MISCELLANEOUS

15.1.   Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2.   Right to Assert Other Objections.   By stipulating to the entry of this Order, no Party waives any right she/he/it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

15.3.   Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

16.   FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.   As used

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

16

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)

in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

17.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED**.

DATED: June 24, 2024

_____
Hon. Pedro V. Castillo
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ [date] in the matter of *NANCY*

*PALEY v. SAKS & COMPANY LLC*, bearing United States District Court for the Central

District of California case number 2:24-cv-00527 FLA (PVCx).  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.  I further

agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON,
P.C.
290 Broadhollow Road
Suite 305

18

STIPULATED PROTECTIVE ORDER
CASE NO.  2:24-CV-00527 FLA (PVCX)